1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN CALLAHAN, *et al.*, | ) Case No.: 1:14-cv-00600-BAM |
| Plaintiffs, | ) ORDER RE:  SANCTIONS |
| v. | ) (Doc. 63) |
| CITY OF SANGER, | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court on an order for Plaintiffs' counsel to show cause as to why sanctions should not be imposed for the failure to appear at the telephonic status conference and for the failure to appear to expedite the settlement in this matter.  (Doc. 63).

**BACKGROUND**

On October 29, 2015, the Court issued an order requiring the parties to attend a telephonic status conference on December 15, 2015, at 9:30 a.m. in Courtroom 8 (BAM) before the undersigned. (Doc. 60).

On December 15, 2015, counsel for Defendant City of Sanger appeared telephonically for the status conference.  However, Plaintiffs' counsel, Michael McGill, failed to appear.  The telephonic status conference therefore proceeded without necessary input from Plaintiffs' counsel regarding the status of the settlement agreement.  During the course of the conference, the Court was informed that defense counsel had provided a draft settlement agreement to Plaintiffs' counsel on November 6,

2015, but Plaintiffs' counsel had not provided a substantive response.  Finding that the failure of Plaintiffs' counsel to appear at the status conference further contributed to the delayed resolution of this matter, the Court issued an order directing Plaintiffs' counsel to show cause why sanctions should not imposed for the failure to appear at the telephonic status conference and for the failure to expedite the settlement in this case.  The Court directed Plaintiffs' counsel to respond, in writing, no later than Friday, December 18, 2015.  The Court cautioned counsel that failure to respond to the Order to Show Cause may result in the imposition of sanctions.  (Doc. 63).

On December 21, 2015, Plaintiffs' counsel, Michael McGill, filed an untimely declaration in response to the Court's Order to Show Cause.  (Doc. 64).  According to the declaration, Mr. McGill failed to appear at the telephonic status conference because "[m]inutes prior to the 9:30 a.m. conference call, [his] iPhone ceased working" and he "ended up not being able to use the phone until about 9:30, when it powered on by itself."  (Doc. 64 at ¶ 2).  Mr. McGill also indicated that he had sent a revised settlement agreement to opposing counsel the day prior to the status conference.  (Doc. 64 at ¶ 3).  As a final matter, Mr. McGill represented that while drafting his declaration he "noticed" that the response was late.  Counsel claims that he saw the Court's order come in, but did not fully read it and "inadvertently assumed" he would have more time to provide his response.  (Doc. 64 at ¶ 4).

## LEGAL STANDARD

Local Rule 110 of the Eastern District of California provides that "[f]ailure of counsel … to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. R. 110.  A federal court possesses the inherent power to sanction conduct that abuses the judicial process.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *see also Shead v. Vang*, No. 1:09-cv-00006-AWI-SKO-PC, 2012 WL 3861243, at * 1 (E.D. Cal. Sept. 5, 2012) (federal courts have the inherent authority to sanction conduct abusive of the judicial process).  Indeed, a court may impose monetary sanctions for the "willful disobedience of a court order" or "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 45-46 (internal citations and quotations omitted).  To award sanctions under its inherent powers, the court must "specifically find[ ] bad faith

or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see also Allen v. County of Lake*, No. 14-cv-03934-TEH, 2015 WL 4747440, at *2 (N.D. Cal. Aug. 11, 2015) (imposing $250 monetary sanction against counsel to deter abuses of the judicial process based on counsel's late filings, including late response to order to show cause).

**DISCUSSION**

Having considered Mr. McGill's untimely response, the Court finds that monetary sanctions are warranted.  Mr. McGill's declaration does not provide a satisfactory or persuasive explanation for either his failure to appear or his failure to file a timely response.  At best, Mr. McGill has demonstrated a patent disregard for the time and resources of both this Court and opposing counsel. Not only does Mr. McGill admit that his phone powered on at 9:30 a.m., which was the time scheduled for the status conference, but also that he could not be bothered to review the entirety of the Court's show cause order, which clearly set forth the deadline for his response.  Indeed, Mr. McGill's indifference has resulted in a drain on this Court's limited resources, requiring the expenditure of unnecessary time managing this case.  The Court finds Mr. McGill's reckless, inattentive conduct tantamount to bad faith.  Accordingly, in order to deter such conduct and abuses of the judicial process, Plaintiffs' counsel shall be ordered to pay monetary sanctions to the Court in the amount of $200 no later than January 8, 2016.

**CONCLUSION AND ORDER**

For the reasons set forth above, Plaintiffs' counsel shall pay sanctions to the Court in the amount of $200 no later than **January 22, 2016**, and file written proof of payment to the Court. Counsel is cautioned that failure to comply with the Court's order may result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated:   **January 5, 2016**               /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3