UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CALLAHAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SANGER,<br><br>    Defendant.<br>_____ / | Case No. 1:14-cv-00600-BAM<br><br>**ORDER VACATING HEARING DATE**<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES AND COSTS**<br>(Doc. 69) |

**I.     Introduction**

Pending before the Court is Plaintiffs' Motion for Award of Reasonable Attorney Fees in the Amount of $75,350 and Costs in the Amount of $400. (Doc. 69). Defendant City of Sanger opposed the motion on February 26, 2016, and Plaintiffs replied on March 4, 2016. (Docs. 70, 71). The Court finds the motion suitable for resolution without oral argument and the motion hearing currently scheduled for March 18, 2016, at 9:00 a.m. is HEREBY VACATED. The matter is deemed submitted pursuant to Local Rule 230(g).

**II.    Relevant Procedural History**

This is a federal wage and hour case alleging violations of the Fair Labor Standards Act. Plaintiffs Kevin Callahan, Richard Franco, Noel Johnson, Jorge Fernandez, Tom Reinhart, Manuel Duran Jr., Ralph Salazar, Preston Little, Jason Boust, Michel Sims, Robert Miller, Ty Tashiro, Ramiro Garza, Angela Yambupah, Daniel Silva, Fred Sanders, Steven Gaucin, Gregory Velasquez, Abraham

1

Ruiz, Jose Soto, Brandon Coles, Reyes Carrillo, Robert Theile, Eric Grijalva, Jeff Bise, Brad Funk, Robert Pulkownik, and Kevin McInerney are current or former employees of the Sanger Police Department. All Plaintiffs, with the exception of Richard Franco, are sworn police officers. Plaintiffs alleged that Defendant City of Sanger violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq*, by not including certain payments in the calculation of the employees' regular rate of pay. Plaintiffs alleged that the exclusion of these payments from the calculation of regular rate of pay resulted in less overtime pay than they should have received. (Doc. 22).

On December 8, 2014, the parties participated in a settlement conference, but did not reach a resolution. (Doc. 26). Thereafter, the parties filed cross-motions for summary judgment. (Docs. 27, 28).

On May 22, 2015, the Court granted in part and denied in part the cross-motions for summary judgment. Specifically, the Court found the following: (1) Defendant's payments to Plaintiffs made in lieu of health benefits were not excludable under 29 U.S.C. §§ 207(e)(2) and 207(e)(4) from the regular rate of pay calculation; (2) merit raises given pursuant to the Memorandum of Understanding were not excludable pursuant to 29 U.S.C. § 207(e)(3) from the regular rate of pay calculation; (3) Defendant was liable to Plaintiffs for FLSA overtime only to the extent that Plaintiffs worked in excess of 86 hours in a 14-day work period since Defendant implemented an overtime exemption, pursuant to section 29 U.S.C. § 207(k); (4) Defendant's FLSA's violations for failing to include health benefit reimbursements in the regular rate of pay calculation were not willful and are governed by a two-year statute of limitations under 29 U.S.C. § 255(a); (5) Defendant's FLSA's violations regarding the failure to include merits raises in the regular pay calculation were willful and are governed by a three-year statute of limitations under 29 U.S.C. § 255(a); (6) Plaintiffs were entitled to liquidated damages pursuant to 29 U.S.C. § 216(b) for the merit pay claims, but not for payments made in lieu of health benefits claims; and (7) any offsets for payment of overtime were to be calculated pursuant to a two-week pay period rather than on a work-week by work-week basis. (Doc. 46 at 8).

Following the Court's order, the parties attended private mediation on September 28, 2015. A tentative settlement was reached pending approval by the City Council and Plaintiffs. The issue of Plaintiffs' attorney fees and costs were reserved for a motion to be filed by Plaintiffs' counsel. (Doc.

1  56).  As of January 21, 2016, the settlement had been approved by the City Council and a final
2  settlement had been reached.  Therefore, the Court set a briefing schedule on the anticipated motion
3  for attorney fees.  (Doc 68).
4        Pursuant to the Court's briefing schedule, Plaintiffs filed the instant motion for attorney fees on
5  February 5, 2016.  Plaintiffs request attorney fees in the amount of $75,350.00, and costs in the
6  amount of $400.00, as the prevailing parties in this FLSA action.  (Doc. 69).  Defendant City of
7  Sanger opposes the motion, arguing that the hours expended and the rate requested are unreasonable.
8  (Doc. 70).

9  **III.    Legal Standard**

10  The FLSA provides that when an employer is found to have violated the provisions of 29 U.S.C.
11  § 207, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of
12  the action." 29 U.S.C. § 216(b).  Such an award is mandatory where an employee prevails under the
13  FLSA.  *See*, *e.g.*, *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2015 WL 428576, at *4 (N.D. Cal.
14  Jan. 30, 2015).

15  In the Ninth Circuit, courts calculate attorney's fees using the lodestar method, whereby a district
16  court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a
17  reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  The
18  party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line
19  with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d
20  889, 891 (9th Cir. 2006); *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984).  As a general rule, "the
21  relevant community is the forum in which the district court sits."  *Camacho*, 523 F.3d at 979.
22  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community,
23  and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."
24  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

25  **IV.    Discussion**
26    **A. Plaintiffs' Position**
27  Plaintiffs contend that they are the prevailing parties in this litigation and therefore entitled to
28  an award of reasonable attorney's fees.  As indicated, Plaintiffs request $75,350.00 ($500/hour x 150.7

hours) in attorney fees and $400.00 in costs, for a total of $75,750.00.  (Doc. 69).  In support of the request, Plaintiffs filed the declaration of their counsel, Michael McGill.  (Doc. 69-1).  The declaration states that Mr. McGill's hourly billing rate, as an attorney with 11 years of experience in labor and employment law, is $500.  *Id.*  The declaration further states that the hourly billing rate is based on the *Laffey* matrix,[1] with adjustment based on a prior attorney fee award in 2013 of $450 per hour.  (*Id.*; Doc. 69-3).  Attached to the declaration are itemized timesheets, which contain descriptions of the activities performed by Mr. McGill and the time expended.  (Doc. 69-5).  The timesheets reflect that Mr. McGill expended 144.70 hours during the course of this litigation.  *Id.*  Additionally, Mr. McGill anticipated spending another 6 hours in preparing a reply to Defendant's opposition and attending the hearing on this matter.  (Doc. 69 at 6).

Plaintiffs assert that both the number of hours expended and Mr. McGill's hourly fee are reasonable based on his qualifications and experience.  Plaintiffs further contend that they are entitled to an award of costs in the amount of $400 for the filing fee in this action.

### B. Defendant's Position

Defendant does not dispute that Plaintiffs are the prevailing party for purposes of attorney's fees under the FLSA.  (Doc. 70 at 2).  However, Defendant contends that both the hours expended and the requested rate are unreasonable.  Defendant argues that the Court should assess the reasonableness of the fee utilizing the 12 factors identified in *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2014) and *Kerr v. Screen Actors Guild Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  These 12 factors are:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in

---

[1] The *Laffey* matrix contemplates practice in the Washington, D.C. legal community.  *See Johnson v. Wayside Property, Inc.*, No. 2:13-1610 WBS AC, 2014 WL 6634324, at *7 (E.D. Cal. Nov. 21, 2014).

4

1 similar cases. *Ballen*, 466 at 746. Defendant contends that application of these lodestar factors
2 demonstrates that the number of hours requested is "grossly overstated." (Doc. 70 at 3).

3       With regard to the time and labor involved, Defendant argues that Plaintiffs failed to
4 adequately calculate damages, which would have hastened resolution of this action, and the billing
5 records suggest that Plaintiffs' counsel did not have any evidence of damages for certain of the 28
6 plaintiffs in this action. Additionally, Defendant asserts that Plaintiffs' counsel overbilled and, in
7 some instances, submitted duplicate billings. For example, Defendant suggests that counsel
8 excessively billed .2 hours for review of various ECF communications from the Court. Defendant
9 believes that a maximum number of hours that would be reasonable for this action is 40-50, "given the
10 very limited work Plaintiffs' counsel performed in this case." (Doc. 70 at 10).

11       With regard to the novelty and difficulty of the questions involved, Defendant contends that
12 there was nothing novel or difficult in this case, particularly given the declaration by Plaintiffs'
13 counsel touting his skills as an employment law specialist.

14       With regard to the skill requisite to perform the legal services properly, Defendant does not
15 dispute counsel's skill level. Instead, Defendant challenges the use of said skill, by faulting counsel's
16 failure to calculate damages for purposes of early resolution and mediation.

17       With regard to whether acceptance of this case precluded other employment, Defendant argues
18 that based upon the minimal amount of work done, it cannot be argued that any other employment was
19 precluded.

20       With regard to the customary fee, Defendant challenges counsel's $500.00 per hour fee, noting
21 that the relevant legal community for determining a reasonable hourly rate is the forum in which the
22 district court sits. *Camacho*, 523 F.3d 973, 979 (9th Cir. 2008). Defendant avers that Plaintiffs'
23 counsel has not provided evidence of the reasonable hourly rate in the Fresno Division of the Eastern
24 District of California. Defendant also discounts Plaintiffs' reliance on the *Laffey* matrix, noting that it
25 is not a reliable gauge of fees in Fresno, California. Defendant suggests that a reasonable hourly rate
26 would be between $250 and $300 per hour. Defendant submits the declaration of its counsel, Michael
27 Lehman. The declaration states that Mr. Lehman's hourly rate for this case is $285, and he has been
28 admitted to practice since June 1988 (nearly 28 years). (Doc. 70-1).

With regard to whether the fee is fixed or contingent, Defendant points to statements in counsel's billing records and briefing suggesting the matter is a contingency action. (Doc. 70 at 8).

With regard to time limitations imposed by the client or the circumstances, Defendant notes that there is no evidence of any time limitations imposed by Plaintiffs or the circumstances of this action.

With regard to the amount involved and the results obtained, Defendant contends that Plaintiffs' success in this action was limited. Defendant notes the action was settled for $84,000 ($3,000 per plaintiff), involved minimal discovery, and was based on a negotiated amount, not Plaintiffs' actual salaries or incentive pay. Defendant believes that such a result could have been obtained earlier in these proceedings, when the parties participated in an early settlement conference. Defendant further contends that the cross-motions for summary judgment had little bearing upon the negotiated settlement amounts.

With regard to the experience, reputation, and ability of the attorneys, Defendant leaves that determination to the Court's discretion.

With regard to the "undesirability" of the case, Defendant argues that there is no evidence of any such undesirability associated with claims for underpaid overtime under FLSA.

With regard to the nature and length of the professional relationship with the client, Defendant argues that there is no evidence of the nature and length of the professional relationship with the Plaintiffs in this action, with the exception of counsel's declaration indicating he serves as general counsel to the Sanger Police Officers' Association.

With regard to awards in similar cases, Defendant argues that Plaintiffs have not presented evidence of such awards. Defendant acknowledges Plaintiffs' citation to a 2013 case in the Central District of California, but contends that such a case did not involve 28 plaintiffs and was not venued in Fresno.

As a final matter, Defendant does not appear to challenge the amount requested in costs.

**C. Plaintiffs' Reply**

In their reply, Plaintiffs contend that Defendant has not presented countervailing evidence as to the prevailing hourly rate, and thus the Court should utilize Plaintiffs' counsel's hourly rate. Plaintiffs

discount evidence of defense counsel's rate, arguing that private attorneys hired by public entities are not in the same legal market.

Plaintiffs also argue that all of the claimed hours were necessary and reasonable. In connection with the calculation of damages, Plaintiffs contend that Defendant's argument is disingenuous for several reasons. First, the parties agreed to bifurcate discovery as to liability and damages. Plaintiffs therefore argue that at the time the parties had filed their cross-motions for summary judgment, they had not conducted damages discovery. Second, Plaintiffs contend that the motions for summary judgment were needed because of the City's refusal to comply with the FLSA. Plaintiffs assert that only after the Court ruled that the City was in violation did the City agree to attend mediation and pay back wages and penalties. Third, Plaintiffs contend that mediation was necessary because the City refused to comply with the FLSA.

In connection with Defendant's contention that Plaintiffs' counsel engaged in overbilling for review of ECF filings, Plaintiffs counter that many of the challenged entries included related activity, such as review of an attached document or calendaring. However, Plaintiffs conceded that there were duplicate entries on February 6, 2015, and February 18, 2015, and the number of total hours should be reduced by 1.5 hours.

In connection with Defendant's analysis of the lodestar factors, Plaintiffs contend that Defendant has not "actually argue[d] for a reduction based upon the criteria set forth in *Kerr*." (Doc. 71 at 12). Plaintiffs also contend that they are not seeking an upward adjustment to the lodestar and that a downward adjustment would be inappropriate.

**D. Analysis**

Having considered the moving papers, arguments and relevant lodestar factors, the Court finds that the requested amount of attorney's fees should be reduced. The primary basis for such a reduction is the Court's determination that counsel's requested hourly rate of $500, or customary fee, is unreasonable. Although Plaintiffs' counsel urges this Court to accept his hourly rate in reliance on the *Laffey* matrix and the rate awarded in the Central District of California, such reliance is misplaced. Neither the *Laffey* matrix nor awards in other districts are relevant in determining reasonable hourly rates for counsel in the Eastern District of California, Fresno Division. *See Torchia v. W.W. Grainger,*

*Inc.*, 304 F.R.D. 256, 276 (E.D. Cal. Dec. 29, 2014); *see also Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away); *Camacho*, 523 F.3d at 979. Recently, current reasonable rates for the Fresno Division, depending on the attorney's experience and expertise, have been identified between $250 and $400 per hour, with $300 being the upper range for competent attorneys with approximately 10 years of experience. *See*, *e.g.*, *Archer v. Gipson*, 2015 WL 9473409, at *13 (E.D. Cal. Dec. 28, 2015).

According to Mr. McGill's declaration, he has eleven years of experience devoted primarily to labor and employment law, focusing almost exclusively on public safety employees, such as fire and police. He not only represents police and fire unions, but also their individual members in actions having an impact on their employment. Additionally, he serves as general counsel to the recognized bargaining unit, and his firm serves a general counsel to over 100 public safety unions, including the Sanger Police Officer's Association. (Doc. 69-1). Given Mr. McGill's eleven years of experience and his extensive work in labor and employment law involving public safety officers, the Court finds a rate of $325 per hour to be reasonable.

With regard to the time and labor required, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds the hours expended to be reasonable. Although Defendant suggests counsel overbilled for review of ECF notifications, the Court declines to penalize counsel's review and consideration of Court orders. With the exception of the 1.5 hour reduction conceded to by counsel for duplicate entries, along with a reduction of 1.0 hour for the vacated hearing, the Court does not find evidence of excessive billing warranting further reduction.

In connection with the remaining lodestar factors, the Court does not find any further reduction or adjustment warranted. For example, with regard to the novelty and difficulty of the questions involved, Plaintiffs admit that, while novel, the questions at issue were not complex. (Doc. 71 at 12). With regard to the preclusion of other employment, there is no indication counsel declined other work due to the acceptance of this action. With regard to the amount involved and the results obtained, recovery of $3,000 for each plaintiff was not extensive and resulted from a negotiated settlement.

Additionally, certain factors are inapplicable or uncontested and do not merit further adjustment of the lodestar amount, such as the skill requisite to perform the legal services properly, the contingency nature of the fee, time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. (*See* Doc. 71 at 14).

Plaintiffs also seek costs in the amount of $400 for expenses related to the filing fee. (Doc. 69 at 7). Defendant does not object to these costs and the Court will therefore award them to Plaintiffs.

For the reasons stated, the Court finds Plaintiffs entitled to an award of attorney fees in the amount of $48,165.00 ($325/hour x 148.2 hours) and costs in the amount of $400.00.

### V. Conclusion and Order

Based on the foregoing, Plaintiffs' motion for attorney fees, filed on February 5, 2016, is GRANTED IN PART and DENIED IN PART. Plaintiffs are HEREBY AWARDED attorney fees in the amount of $48,165.00 and costs in the amount of $400.00.

IT IS SO ORDERED.

Dated:  **March 17, 2016**              /s/ *Barbara A. McAuliffe*            
                                        UNITED STATES MAGISTRATE JUDGE